UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| LINDA P., | ) |
|---|---|
| Plaintiff | ) |
| v. | ) No. 2:19-cv-00036-DBH |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | ) |
| Defendant | ) |

### ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS AND RECOMMENDED DISMISSAL OF THE CASE

*Pro se* plaintiff Linda Penkul seeks *in forma pauperis* status in connection with her complaint challenging a reduction by the Social Security Administration ("SSA") in her monthly Supplemental Security Income ("SSI") benefit payments. *See* Complaint for Review of a Social Security Disability or Supplemental Security Income Decision ("Complaint") (ECF No. 1) at Page ID # 9; Application To Proceed in District Court Without Prepaying Fees or Costs ("IFP Appl.") (ECF No. 3). For the reasons that follow, I grant the plaintiff's request for leave to proceed *in forma pauperis* and recommend that the court dismiss this action without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

### I. Application To Proceed *in Forma Pauperis*

*In forma pauperis* status is available under 28 U.S.C. § 1915(a)(1). In her application to proceed *in forma pauperis*, the plaintiff declares, under penalty of perjury, that she has monthly income of $488 in SSI benefits and $10 in public assistance, has $50 in a bank account, and has monthly expenditures of $488 for utilities, $99 for medical and dental expenses, $161 for insurance, $2,763 for taxes, and $27 for department store charges. *See* IFP Appl. at 1-2, 4. Her

1

expenses, hence, greatly exceed her monthly income. While she lists assets of a home worth $190,000 and a 2014 Dodge Charger worth $14,000, *see id*. at 3, her lack of liquid assets and negative cash flow qualify her for IFP status, *see, e.g., Taylor v. Sup. Ct. of N.J.*, 261 F. App'x 399, 401 (3d Cir. 2008) (lower court abused its discretion in denying plaintiff IFP status when, while plaintiff had assets including a home worth approximately $90,000 and was not "absolutely destitute," he, his wife, and six children were living below the applicable federal poverty guideline, and he had shown that he was "indigent" and unable to pay court fees) (internal quotation marks omitted).

## II. Section 1915(e)(2)(B) Review

### A. Applicable Legal Standard

The federal *in forma pauperis* statute, 28 U.S.C. § 1915, is designed to ensure meaningful access to the federal courts for those persons unable to pay the costs of bringing an action. When a party is proceeding *in forma pauperis*, however, "the court shall dismiss the case at any time if the court determines[,]" *inter alia*, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

"Dismissals [under § 1915] are often made *sua sponte* prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989); *see also Mallard v. U.S. Dist. Ct. S.D. Iowa*, 490 U.S. 296, 307-08 (1989) ("Section 1915(d), for example, authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision.").[1]

---

[1] Section 1915(d) was subsequently renumbered to section 1915(e).

When considering whether a complaint states a claim for which relief may be granted, a court must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernández v. Fortuño-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

### B. Factual Background

In her complaint, filed on January 17, 2019, the plaintiff sought review of an SSA overpayment decision dated September 11, 2018. *See* Complaint at Page ID # 5. She alleged that she had timely requested reconsideration but that, as of January 15, 2019, the SSA had issued no decision with respect to that request. *See id.* at Page ID ## 5-6.

On February 11, 2019, the plaintiff filed a copy of an SSA notice of reconsideration dated February 5, 2019, denying her appeal and advising that she had 60 days within which to seek a hearing before an administrative law judge if she disagreed with its decision. *See* ECF No. 7-1 at Page ID # 157-58.

On February 15, 2019, the plaintiff filed a copy of an SSA notice dated February 12, 2019, stating that her monthly SSI payment would be $566 in March 2019 and that she would receive $553.10 on or about March 1, 2019, and on the first of each month thereafter. *See* ECF No. 8-1 at Page ID # 166. That notice stated that the plaintiff had 60 days within which to request reconsideration of that determination. *See id*. at Page ID # 167. Most recently, on March 11, 2019, the plaintiff filed a copy of an SSA letter dated March 4, 2019, responding to a request that she had made for information from her record. *See* ECF No. 10-1 at Page ID # 175.

## C. Discussion

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377 (citations omitted). "A court is duty-bound to notice, and act upon, defects in its subject matter jurisdiction sua sponte." *Spooner v. EEN, Inc.*, 644 F.3d 62, 67 (1st Cir. 2011).

In this case, it is plain on the face of the complaint that the court has no jurisdiction to hear the merits of the plaintiff's case, which she filed prematurely. As this court has noted:

> Every administrative decision made by the social security administration is not automatically ripe for judicial review. Judicial review is only permitted after the Commissioner has issued a final decision. 42 U.S.C. § 405(g) ("Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action[.]"). "The 'final decision' required to invoke this jurisdiction means 'that the administrative remedies provided by the [Commissioner] be exhausted.'" *Wilson v. Sec'y of Health & Human Servs.,* 671 F.2d 673, 677 (1st Cir. 1982) (quoting *Mathews v. Eldridge,* 424 U.S. 319, 328 (1976)).

*Tichot v. Soc. Sec. Admin. Comm'r*, No. 2:10-cv-00417-GZS, 2011 WL 505218 (D. Me. Jan. 19, 2011) (rec. dec., *aff'd* Feb. 10, 2011).

Prior to filing the instant suit, the plaintiff availed herself of her initial administrative remedy of seeking reconsideration. *See* Complaint at Page ID ## 5-6. However, she had not yet exhausted her administrative remedies. She still had not received notice of the SSA's decision on her request for reconsideration, and, when she did subsequently receive it, she was informed that she had 60 days to avail herself of the next-level administrative remedy of seeking a hearing before an administrative law judge. *See* ECF No. 7-1 at Page ID ## 157-58. Only upon exhaustion of all

4

administrative remedies, resulting in a "final" decision by the SSA, may she seek a remedy in this court if she remains dissatisfied with the SSA's handling of this issue.[2]

### III. Conclusion

For the foregoing reasons, I **GRANT** the plaintiff's application to proceed *in forma pauperis* and recommend that the court **DISMISS** her complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to exhaust her administrative remedies.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum and request for oral argument before the district judge, if any is sought, within fourteen (14) days after being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 5th day of April, 2019.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge

---

[2] As discussed above, the SSA's February 12, 2019, notice regarding the amount of the plaintiff's monthly benefit advised that she had 60 days within which to request reconsideration. *See* ECF No. 8-1 at Page ID ## 166-67. The plaintiff must exhaust all levels of administrative remedy with respect to this issue, as well.